UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

RASHEED THOMAS,

                          Plaintiff,

v.

JOHNSON MATTHEY, INC.,

                          Defendant.

Case No. 21-cv-

Hon.

_____/

ERIC STEMPIEN (P58703)
STEMPIEN LAW, PLLC
Attorneys for Plaintiff
38701 Seven Mile Rd., Suite 130
Livonia, MI 48152
(734)744-7002
eric@stempien.com
_____/

## **COMPLAINT AND JURY DEMAND**

Plaintiff, Rasheed Thomas, by and through his attorneys, Stempien Law, PLLC, hereby complains against Defendant Johnson Matthey, Inc. and in support thereof states:

1. Plaintiff Rasheed Thomas ("Thomas" or "Plaintiff") is a resident of the Township of Van Buren, Wayne County, Michigan.

2. Defendant Johnson Matthey, Inc. ("JM" or "Defendant") is a foreign corporation that conducts systematic and continuous business in Wayne County, Michigan.

3. Jurisdiction is vested with this Court pursuant to 28 USC §1331 and 42 USC §12101, et. seq.

4. Thomas filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC).

5. On or about September 27, 2021, the EEOC issued a Dismissal and Notice of Rights letter to Thomas.

## GENERAL ALLEGATIONS

6. Thomas was employment with JM as a Data Acquisition and Controls Engineer ("DAC Engineer") at Defendant's Taylor Michigan facility.

7. Thomas suffers from plantar fasciitis and achilles tendinitis/tendinosis.

8. On or about February 27, 2020 Thomas began a medical leave of absence pursuant to the Family Medical Leave Act (FMLA) for his plantar fasciitis and achilles tendinitis.

9. On or about April 7, 2020 Thomas received a text message from Jamie Zeller ("Zeller"), a human resources employee with JM requesting information regarding Thomas' return to work.

10. On April 10, 2020 Thomas' treating physician provided a return to work form to JM's short-term disability insurance carrier.

2

11. The April 10, 2020 return to work form provided that Thomas could return to full time work on May 6, 2020 with a restriction "no walking or standing for long periods of time".

12. Thomas provided the return to work form to JM.

13. At the time of the April 10, 2020, the state government had issued a stay-at-home order, requiring Michigan citizens to remain in their home and not report to work unless their employment involved activities necessary to protect and sustain lives.

14. Thomas' work as a DAC Engineer did not involve activities necessary to protect and sustain lives.

15. All of the workers in Thomas' departments were working remotely from their homes in April and May 2020.

16. On May 6, 2020, Thomas reported to his employment, remotely from his home, and informed Zeller that he had reported to work pursuant to his physician's return to work form.

17. However, Zeller told Thomas that he was not to report to work, and that he was being placed on the "2 plus 2" program that JM was running at that time for employees who were furloughed during the pendency of Michigan's stay at home order.

18. The "2 plus 2" program required the furloughed employees to use two weeks of their accrued vacation time, and if they were not returned to work at the conclusion of those two weeks, JM would pay an additional two weeks of vacation pay while the employee was furloughed. If the employee was still not returned to work at the end of the four week period, the employee would be eligible for unemployment benefits.

19. On May 6, 2020, Thomas went on JM's "2 plus 2" program.

20. On or about May 22, 2020, Zeller contacted Thomas via text message and asked him how long his restrictions would last. In a follow-up phone call, Zeller asked Thomas when he would be released to return to work without restrictions.

21. On May 29, 2020, JM sent correspondence to Thomas indicating that he was not eligible for the "2 plus 2" program, despite the fact that JM had made that decision, not Thomas. JM demanded repayment from Thomas of $820.73 as a result of its own errors.

22. In the May 29, 2020 correspondence, JM further stated that Thomas was not being allowed to return to work with his restrictions, despite the fact that Thomas could perform the work of DAC Engineer with reasonable accommodations to meet those restrictions.

23. At or around the same time as the May 29, 2020 correspondence, Thomas had a virtual meeting with Zeller, and two of his supervisors.

24. During the virtual meeting, JM representatives informed Thomas that they were aware of his restrictions and would be able to accommodate them, by having his work on the wiring for the PLC box and power distribution box, which required work that could be performed at a desk.

25. Prior to his FMLA leave, Thomas was working on the wiring for the PLC box and power distribution box.

26. Further, during the virtual meeting, Thomas and the JM representatives discussed that if he was required to work on test cells, the work could be done in a way that minimized his need to stand and walk, an accommodation that would meet his restrictions.

27. However, despite the discussions during the virtual meeting, JM decided not to reasonably accommodate Thomas' disability.

28. JM refused to provide reasonable accommodations to Thomas to allow him to perform his work.

29. In June 2020, Thomas was forced back onto short term disability by JM.

30. On September 3, 2020 JM discharged Thomas from his employment.

## COUNT I
## VIOLATION OF AMERICANS WITH DISABILITIES ACT
## FAILURE TO ACCOMMODATE

31. Plaintiff hereby incorporates all previous paragraphs of this Complaint as if fully set forth herein.

32. Plaintiff was a qualified individual with a disability, as that term is defined by the Americans with Disabilities Act, and 42 USC §12101, et. seq. (as amended) ("ADA").

33. Plaintiff has a disability as that term is defined by the ADA.

34. Defendant was aware of Plaintiff's disability.

35. Plaintiff made a request for a reasonable accommodation, by way of:

    a. Accommodating the physical restrictions issued by his treating physician;
    b. Modifying his work environment so that he would not be required to walk or stand for long periods of time;
    c. Modifying his work duties so that he would not be required to walk or stand for long periods of time;
    d. Other reasonable accommodations.

36. In addition to the requests above, Plaintiff indicated to Defendant that he was willing to engage in an interactive process regarding the structure, timing and other factors related to his requests for reasonable accommodation.

37. Such reasonable accommodations would not be an undue burden on JM.

38. JM has failed and refused to grant any reasonable accommodations to Plaintiff.

6

39. JM has refused to engage in an interactive process with Plaintiff.

40. As a direct and proximate result of Defendant's violation of the Americans with Disabilities Act, Plaintiff has suffered damages, including but not limited: loss of job position, lost past and future wages, lost past and future employment benefits, loss of earning capacity, emotional distress and attorney fees.

## COUNT II
## VIOLATION OF AMERICANS WITH DISABILITIES ACT
## DISABILITY DISCRIMINATION

41. Plaintiff hereby incorporates by reference all previous paragraphs of this Complaint as if fully set forth herein.

42. Plaintiff is a disabled person within the meaning of the Americans with Disabilities Act, 42 USC §12101, et. seq.

43. JM regards Plaintiff has having a disability.

44. Plaintiff is qualified for the position of DAC Engineer, with or without reasonable accommodation.

45. Plaintiff has suffered an adverse employment action when he was discharged from his employment by Defendant.

46. The adverse employment actions taken by JM were made because of Plaintiff's disability.

7

47. Further, Plaintiff was subjected to the adverse employment action because of an actual or perceived physical or mental impairment.

48. As a direct and proximate result of Defendant's disability discrimination, Plaintiff has suffered damages as fully set forth in paragraph 40 of this Complaint.

WHEREFORE, Plaintiff Rasheed Thomas prays that this Honorable Court enter a judgment in his favor against Defendant Johnson Matthey, Inc., and further:

a. Enter both preliminary and permanent injunctions against Defendant, ordering that Defendant return Plaintiff to his job position forthwith;
b. Enter a money judgment against Defendant for all lost wages and employment benefits as a result of Defendant's illegal acts;
c. Enter a money judgment against Defendant for payment of all emotional distress damages suffered by Plaintiff;
d. Enter a money judgment against Defendant for all attorney fees incurred by Plaintiff in enforcing his ADA rights.

## <u>JURY DEMAND</u>

Plaintiff Rasheed Thomas hereby demands a trial by jury of the within cause.


STEMPIEN LAW, PLLC


*/s/ Eric Stempien*
By: Eric Stempien (P58703)
Attorney for Plaintiff

Dated: December 3, 2021